## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

**Zermaly Torres,**

      Plaintiff,

    v.                         22-cv-00003-MJP

**Comm'r of Soc. Sec.,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Zermaly Torres sues, seeking remand of the final decision of the Commissioner of Social Security denying her application for disability benefits. Before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), and Plaintiff's reply.

## I.    Background and applicable law.

I assume familiarity with the procedural background and administrative record of this case. Briefly, in this case, the ALJ found Plaintiff met the insured status requirement through December 31, 2024. (T. 80.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 9, 2019, the alleged onset date. (T. 80.) At step two, he found Plaintiff's severe impairments were "chronic heart failure and lupus." (T. 80.) At step three, he found Plaintiff did not meet or equal any listings. (T. 82.) Ultimately, the ALJ

concluded that Plaintiff had the RFC to perform her past relevant work as a teacher's aide and so she was not disabled. (T. 87.) Alternatively, the ALJ determined that Plaintiff retained the RFC to perform other light work with a sit-stand option that exists in significant numbers. (T. 87–88.)

"In reviewing a final decision of the [Commissioner], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); see also 42 U.S.C. § 405(g). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not my function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not de novo and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336

F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.    Analysis.

Plaintiff raises three arguments for remand before me. I address each in turn.

### A.    The Appeals Council did not err in declining to consider new evidence.

*First*, Plaintiff asserts that the Appeals Council erred by failing to consider new and material evidence in the form of opinions from Plaintiff's providers. Relevant here, 20 C.F.R. § 404.970(b) states that "[t]he Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if [the claimant] show[s] good cause for not informing [the Commissioner] about or submitting the evidence as described in § 404.935." (Alterations added). 20 C.F.R. § 404.970(b) then lists several circumstances in which the Appeals Council will consider additional evidence. Additionally, the Second Circuit has held that there are several requirements that, when met, mandate that the Appeals Council review such additional evidence:

> The Appeals Council will grant review based on evidence that was not submitted to the ALJ if the evidence is new, material, relates to the period on or before the date of the hearing decision, there is a reasonable probability that the additional evidence would change the outcome of the decision, and the claimant shows good cause for not submitting or informing the agency about the evidence before the ALJ issued a decision. 20 C.F.R. §§ 404.970(a)(5)–(b), 416.1470(a)(5)–(b).

*Castillo v. O'Malley*, No. 24-41-CV, 2024 WL 4707253, at *4 (2d Cir. Nov. 7, 2024).

In this case, the Appeals Council rested its decision not to grant review on its finding that Plaintiff's additional evidence made no difference. The Appeals Council stated that Plaintiff's additional evidence did "not show a reasonable probability that it would change the outcome of the decision." (T. 2.) Accordingly, I decline to consider the parties' arguments about other requirements in 20 C.F.R. § 404.970, except for the alternative finding I provide below.

Focusing on the probability that the new evidence would change the ALJ's decision, I note that "[w]hen the Appeals Council denies review after considering new evidence," the Court "simply review[s] the entire administrative record, which includes the new evidence, and determine[s], as in every case, whether there is substantial evidence to support the decision of the" Commissioner. *Castillo*, 2024 WL 4707253, at *4 (quoting *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)). The Appeals Council was correct in this case: The additional evidence would not undermine my conclusion that the ALJ's decision is supported by substantial evidence. For present purposes, I assume that Plaintiff presented new and material evidence. Nonetheless, I find—having reviewed the administrative record—that there was substantial evidence for the ALJ's non-disability finding.

Here, the record is replete with unremarkable physical findings and Plaintiff's statements about improvement in her physical health:

- Dr. Pone noted on May 14, 2019, that at earlier visits, Plaintiff "felt better after cholecystectomy" and was feeling better with medications. (T. 1263 & 1266.) During the May 14, 2019, visit, Dr. Pone noted numerous normal findings. (T. 1266.) Similar findings are on page 1268 of the administrative record.

- Dr. Pone noted on August 14, 2019, that Plaintiff said "she is doing better than at her last visit." (T. 1377.) This included a note that Plaintiff's joints are "feeling better." (*Id.*) Again, Dr. Pone noted normal findings.

- On September 25, 2019, Dr. Pone again made normal findings. (T. 1427.) He did note that Plaintiff had recently experienced "chest pain and labored breathing." (*Id.*) But he also noted that Plaintiff was "feeling better" the week of her visit, "without chest pain or labored breathing." (*Id.*; *see also* T. 1428 & 1430 (same).)

- On or about November 7, 2019, Dr. Chan-Lam noted that Plaintiff was "dyspneic 2 weeks ago with some chest pain" but was feeling fine at the time of the visit. (T. 1492.) Dr. Chan-Lam likewise noted that Plaintiff was able to climb stairs, albeit slowly. (*Id.*) This document also reported normal findings. (*Id.*)

- Additionally, both state medical consultants found that Plaintiff was not disabled.

- Finally, Plaintiff's activities of daily living do not undermine the ALJ's conclusion. At best, they cut both ways. As part of her claim of disability, Plaintiff completed a questionnaire regarding her activities of daily living. (T. 350–57.) Plaintiff reported that she lived alone in an apartment, took care of her personal hygiene and grooming needs, cooked her own meals, washed dishes, washed her laundry, cleaned her apartment, used public transportation, grocery shopped in stores, and socialized. (T. 350–55.)

Based on the foregoing, the ALJ concluded that Plaintiff could perform her prior work. I find substantial evidence supporting this conclusion in the administrative record. As I discuss below, the additional evidence Plaintiff submitted does not change my conclusion.

In the alternative, I do not find good cause for the late submission of this "new evidence." Plaintiff fails to show how this evidence "surface[d] after the [Commissioner's] final decision and the claimant *could not have obtained the evidence* during the pendency of that proceeding." *Lisa v. Sec'y of Dep't of Health & Hum. Servs. of U.S.*, 940 F.2d 40, 44 (2d Cir. 1991) (emphasis added); *see also Clark v. Saul*, 444 F. Supp. 3d 607, 626 (S.D.N.Y. 2020) (same). It is not clear this evidence was unavailable to Plaintiff. To the contrary, it appears that Plaintiff is trying to strengthen her case after an adverse ALJ decision by asking her doctors for better medical opinions than the ones they gave. But Plaintiff cannot circumvent the rule requiring timely submission of all medical evidence to the ALJ by having her doctors fill out forms to "remed[y]," *post hoc*," "problems that [the] ALJ had with" her provider's "earlier opinion[.]" (Pl.'s Mem. of Law at 13, ECF No. 9-1 (alterations added).) On this record, I do not find good cause for the late submission to the Appeals Council.

**B.    The Appeals Council did not err in declining to evaluate Dr. Pone's opinion.**

Plaintiff *next* urges remand because the Appeals Council was purportedly required to evaluate Dr. Pone's opinion. That opinion was issued after the ALJ conducted the hearing and rendered a decision. As discussed above, I do not find good cause for its late submission. Thus, the Appeals Council did not need to evaluate it. Even so, I discuss Plaintiff's *second* argument and hold that the Appeals Council did not need to consider this opinion for independent reasons, and even if it did, it (and the other "new evidence" Plaintiff submitted) would not alter my conclusion that there is substantial evidence supporting the ALJ's decision.

To begin, courts in this district have found that the Appeals Council should explain its reasoning when rejecting the opinion of a *treating* physician. Judge Geraci has explained this distinction:

> The Commissioner argues that the Appeals Council was not obligated to provide "good reasons" for rejecting Dr. Gupta's opinion because the SSA's regulations do not require the Appeals Council to explain its evaluation of additional evidence…. This may be true as a general matter. *See Christine M. R. v. Saul*, No. 3:19CV01752(SALM), 2021 WL 129415 at *8 … (D. Conn. Jan. 14, 2021) ("In denying review of an ALJ's decision, the Appeals Council is not obligated to explain the weight it assigns to any newly submitted evidence."). However, "[t]here is one notable exception to this general rule. When the evidence submitted to the Appeals Council constitutes the opinion of plaintiff's treating physician, 'the Appeals Council must give good reasons for the weight it assigns to' that opinion." *Id.* at *20 (quoting *Shrack v. Astrue*, 608 F. Supp. 2d 297, 302 (D. Conn. 2009)).

*Kevin B. v. Comm'r of Soc. Sec.*, No. 19-CV-844-FPG, 2021 WL 1102997, at *2 (W.D.N.Y. Feb. 9, 2021). But as Plaintiff's counsel knows, the treating physician rule is no more. Yet Plaintiff's case law cited to support the proposition that the Appeals Council needed to provide a more thorough review rests on the Appeals Council's failure to discuss the opinion of a *treating* physician. Thus, this case law is inapplicable. Indeed, as the Commissioner points out, the Appeals Council need not provide much, if any, reasoning when it evaluates additional evidence presented. 20 C.F.R. §§ 404.967 & 416.1467.

Apart from relying on inapplicable case law, Plaintiff's argument about this new evidence[1] rings hollow on the merits. I find, as Judge Arcara did in *Lashunda T.*, that: "Even if the Appeals Council should have discussed this evidence, any error is harmless because the evidence did not show a reasonable probability of changing the ALJ's decision." *Lashunda T. o/b/o J.P. v. Comm'r of Soc. Sec.*, No. 21-CV-6692-A, 2023 WL 2071478, at *6 (W.D.N.Y. Feb. 17, 2023) (citation omitted). While Plaintiff's follow-up submission prepared by Dr. Pone may have "fixed"

---

[1] The new evidence Plaintiff presents is a fraction of the administrative record—no more than a dozen pages. As such, I see no reason for remand for the Commissioner to have the opportunity to comment since I find that it would make no difference. *Lashunda T. o/b/o J.P. v. Comm'r of Soc. Sec.*, No. 21-CV-6692-A, 2023 WL 2071478, at *6 (W.D.N.Y. Feb. 17, 2023) ("In contrast to the situation the Court faced in *Mendez*, here, the new evidence in dispute comprises a mere eight pages of the record." (citation omitted)). As discussed, in any event, I do not find good cause for its late submission.

issues that the ALJ identified, as discussed above, the record still contains substantial evidence for the ALJ's decision and Plaintiff lacks good cause for late submission of this new evidence. Second, as the Commissioner correctly points out, the new evidence includes no clinical findings or visit notes—only check boxes. It was entirely reasonable for the Appeals Council not to consider the new evidence. Finally, the new evidence that Plaintiff submitted cut both ways: Dr. Chan-Lam's findings were largely consistent with what the ALJ had noted. Dr. Chan-Lam found Plaintiff needed *no* cardiac restrictions, (T. 51), and experienced chest pain and shortness of breath "seldom or never." (T. 49.) Remand is not warranted here based on Plaintiff's second argument.

### C.    The ALJ adequately considered Plaintiff's subjective complaints.

Plaintiff's *third* argument for remand fares no better than the others. Plaintiff argues that the ALJ failed to explain his reasoning about Plaintiff's subjective complaints. I disagree.

Unlike me, the ALJ has an "opportunity to observe witnesses' demeanor, candor, fairness, intelligence and manner of testifying," making the ALJ better positioned "to make accurate credibility determinations." *Christina J. v. Comm'r Soc. Sec.*, 695 F. Supp. 3d 357, 362 (W.D.N.Y. 2023) (quotation omitted). Accordingly, "credibility findings of an ALJ are entitled to great deference" and are reversible

only if they are "patently unreasonable." *Perez v. Barnhart*, 440 F. Supp. 2d 229, 235 (W.D.N.Y. 2006). The ALJ's decision regarding Plaintiff's credibility here was not patently unreasonable. And it was stated with sufficient specificity for my review.

The relevant legal standard is stated more fully in *James D. v. Comm'r of Soc. Sec.*, 547 F. Supp. 3d 279, 289 (W.D.N.Y. 2021) (alterations added):

> In assessing the credibility of a claimant's subjective complaints, the Commissioner's regulations require ALJs to employ a two-step inquiry. *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010). "First, the ALJ must determine whether the claimant suffers from a 'medically determinable impairment[] that could reasonably be expected to produce'" his symptoms. *Id.* (quoting 20 C.F.R. § 404.1529(c)(1)). "Second, the ALJ must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Id.*

To begin, the ALJ recited the correct legal standard when he began his RFC analysis. (T. 83–84.) Then, the ALJ found: "As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent with the medical evidence of record in general."[2] (*Id.*) The ALJ made specific findings about Plaintiff's subjective complaints:

---

[2] I note that the phrase, "his or her," is in the ALJ's decision and leads me to believe this is language included often enough in decisions as to be

> For example, the claimant reported and testified to the
> independent ability to engage in personal hygiene, prepare
> simple meals, engage in household chores, visit with
> friends and family, shop, use a computer or smart phone,
> handle finances, watch television, care for pets and
> children, and maintain the ability to use public
> transportation alone … The above activities of daily living
> require significant physical and mental demands, which
> are not consistent with the level of limitation the claimant
> alleges. Accordingly, I find that the claimant's activities of
> daily living suggest a greater degree of functional
> capability than claimed.

(T. 84.) The ALJ also noted that Plaintiff received unemployment during

the relevant period, stating, "I note that in order to receive

unemployment benefits, an individual such as the claimant must assert

that she is ready, willing, and able to work, which is inconsistent with

alleging limitations so severe as to be unable to engage in any

substantial gainful activity." (T. 84.) I conclude that the ALJ's decision

not to give much weight, if any, to Plaintiff's own testimony passes

muster under the standard as I have stated it, even if I could come to a

different conclusion if I were empowered to perform a *de novo* review.

Indeed, the ALJ here "cited to extensive medical evidence in the record,

which does not support Plaintiff's reports" about her symptoms.

*Christina J.*, 695 F. Supp. 3d at 363.

    To the extent that Plaintiff argues that the ALJ mischaracterized

her subjective complaints, Plaintiff misses the point. The ALJ

---

unmodified for each claimant's case. Two paragraphs above, the ALJ use "her"
without stating "his or her."

11

determined that Plaintiff lacked credibility and did so with sufficient clarity to permit my review. The ALJ properly discounted Plaintiff's subjective complaints, declining to consider them in formulating the RFC. This does not undermine my finding of substantial evidence; it simply tells me why the ALJ narrowed what he considered in rendering the RFC.

Thus, I find no error in the ALJ's credibility assessment. The ALJ applied the two-step inquiry and set forth well-supported reasons for finding Plaintiff's subjective allegations less than fully credible. And even if Plaintiff's testimony should be credited, the ALJ's RFC formulation would still rest on substantial evidence. *See Camille v. Colvin*, 652 F. App'x 25, 28 (2d Cir. 2016); *see also Camino v. Colvin*, 2015 WL 5179406, at *6 (W.D.N.Y. Sept. 4, 2015). As Chief Judge Wolford has noted, the ALJ may consider "daily activities as a factor … in evaluating the intensity and persistence of a claimant's symptoms." *Christina J.*, 695 F. Supp. 3d at 364 (quoting 20 C.F.R. § 416.929(c)(3)(i)).

## III.  Conclusion.

For the foregoing reasons, the Court **GRANTS** the Commissioner's motion and **DENIES** Plaintiff's motion. To the extent that Plaintiff intended to raise other arguments, I reject them as perfunctory and find that Plaintiff has forfeited them. *See, e.g., Document Security Systems v. Ronaldi*, No. 20-CV-6265-EAW-MJP,

2022 WL 2207185, at *12 (W.D.N.Y. June 21, 2022) (holding that the plaintiff's "vague and perfunctory" treatment of one of its arguments warranted a finding that the argument was forfeited). The parties are **ORDERED** to settle and submit a proposed order in a Microsoft Word document within 21 days of today to pedersen@nywd.uscourts.gov.

**IT IS SO ORDERED.**

Dated:     December 11, 2024
           Rochester, NY        */s/ Mark W. Pedersen*
                                MARK W. PEDERSEN
                                United States Magistrate Judge